# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

SHAFIQ IMANI,

                **Plaintiff,**

      -vs-                                                                                                     **Case No.    05-C-297**

**OFFICER BENTLEY**
**and LT. HABECK,**

                **Defendants.**

_____

# ORDER

_____

Plaintiff Shafiq Imani, who is incarcerated at the Wisconsin Resource Center, filed this *pro se* civil rights actions pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. The plaintiff was incarcerated at the Winnebago County Jail at all times relevant and is proceeding on an Eighth Amendment failure to protect claim against defendants Officer Bentley and Lt. Habeck. Before the court is the plaintiff's motion to compel discovery.

### Winnebago County Sheriff's Department

The docket sheet names Winnebago County Sheriff's Department as a defendant; however, it is not a defendant in this action. On June 2, 2005, the court granted the plaintiff's motion to amend the complaint to, 1) clarify how he exhausted his administrative remedies and, 2) amend his request for damages. The amended complaint is the operative complaint in this action. Winnebago County Sheriff's Department is named in the caption of the amended complaint, however, the plaintiff was not allowed to proceed against that entity. (In fact, the

February 15, 2005, screening order stated that the plaintiff was not allowed to proceed against the Winnebago County Sheriff's Department and dismissed it as a nonsuable entity.) In any event, the Winnebago County Sheriff's Department is not a defendant in this case and the clerk's office will be directed to remove it from the docket.

## **Plaintiff's Motion to Compel**

On August 15, 2005, the plaintiff filed a motion to compel production of documents. He seeks an order compelling the defendants to produce certain documents contained in Request No. 16 of his production of documents request. The plaintiff also requests that the court compel the defendants to produce police report 04-7606 in its entirety so that the court may decide if any documents are exempt from discovery.

According to the plaintiff, Request No. 16 asks the defendants to produce all documents relating to WCSD police report No. 04-7607. The defendants provided the plaintiff with the police report, however they informed the plaintiff that they withheld certain documents from the report due to concerns with jail security. The plaintiff sent two letters to the defendants requesting the nature of the withheld documents, but received no response.

The plaintiff asserts that he is not sure whether the withheld documents contain any relevant information that would lead to the discovery of admissible evidence since the defendants were vague with regard to their nature. However, he maintains that since the defendants do not cite irrelevancy as a reason for not producing the documents and because police report No. 04-

2

7607 is an investigational report dealing with events that gave rise to the plaintiff's civil action, any document relating to the report is likely to lead to the discovery of admissible evidence.

According to the defendants, they produced 14 of 17 pages of Walworth Incident Report WI04-007606. They withheld three pages of this report that contained the summary of an interview with a confidential informant who was a witness to the incident in question. The defendants assert that the withheld portions of the incident report contain information that would potentially allow identification of the confidential informant and release of this information could subject the informant to retaliation from other inmates and place him at risk for physical harm. The defendants have produced an *ex parte* copy of the withheld portion of the incident report to the court under seal.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, *not privileged*, which is relevant to the subject matter involved in the pending action." (Emphasis added). The Informant's privilege is well recognized. *See Roviaro v. United States*, 353 U.S. 53, 59 (1957). This privilege is applicable in both civil and criminal proceedings. *Hampton v. Hanrahan*, 600 F.2d 600, 637 (7th Cir. 1979), *rev'd on other grounds*, 446 U.S. 754 (1980); *Holman v. Cayce*, 873 F.2d 944, 946 (6th Cir. 1989); *see also Simmons v. City of Racine, PFC*, 37 F.3d 325, 328 (7th Cir. 1994).

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of the law to officers charged with enforcement of that law. The purpose of that privilege is the furtherance and protection of the public interest in effective law enforcement ... [a] ... limitation of the applicability of the

3

> privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity ... is relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause, the privilege must give way.

*Rovario*, 353 U.S. at 59-61.

A defendant is not required to disclose the identity of a confidential informant unless it is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 53. The determination of whether a confidential informant's identity is "essential" is a question of law for the trial judge, and must be determined by balancing the need of the plaintiff for the information with the defendant's interest in non-disclosure. *Id.* at 62.

> With respect to claims of privilege, the Federal Rules of Civil Procedure provide:
>
> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5).

Although the defendants assert that the withheld documents could potentially identify the confidential informant and place him at risk for physical harm, they have not expressly asserted any privilege. Moreover, the defendants' assertion that the information must be withheld in the interests of jail safety and security is not supported by any law indicating that

4

the plaintiff's motion to compel should be denied. In short, the defendants have not sufficiently addressed this issue as indicated in the Federal Rules.

Despite the fact that the defendants have not carried their burden in asserting a privilege, the court is not inclined to grant the plaintiff's motion to compel without further analysis of this subject. The safety of an informant is an important interest. *See Simmons*, 37 F.3d at 329. In order to decide whether the plaintiff should be allowed to have the withheld pages, the parties need to address the issue of privilege and/or the issue of whether the withheld documents are relevant, so that the court can rule on the plaintiff's motion to compel.

If they wish to do so, the defendants will be provided 20 days in which to file a brief addressing the issue. The plaintiff will then have 20 day in which to respond. If the parties do not address the issue pursuant to that timeline, the plaintiff's motion to compel will be granted and the defendants will be ordered to provide the documents to the plaintiff.

## **ORDER**

**IT IS THEREFORE ORDERED** that the defendants will be provided 20 days in which to file a brief addressing privilege and the plaintiff's motion to compel, as stated above. The plaintiff will then have 20 days in which to respond. If the parties do not address the issue pursuant to that timeline, the plaintiff's motion to compel will be granted and the defendants will be ordered to provide the withheld documents to the plaintiff.

5

**IT IS FURTHER ORDERED** that the clerk's office remove Winnebago County Sheriff's Department from the caption of the docket.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2005.

        **SO ORDERED,**

        s/ Rudolph T. Randa
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**